**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**HARRY D. WEIST and DIANE M. WEIST,**

                        **Plaintiffs,**

**v.**

**E.I. DUPONT DE NEMOURS AND COMPANY,**       **05-CV-0534S(Sr)**
**and FIRST CHEMICAL CORPORATION,**

                        **Defendants.**

---

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #4. Following Chief Judge Arcara's recusal, the matter was transferred to the Hon. William M. Skretny. Dkt. #64.

Currently before the Court is plaintiffs' motion to compel defendant E.I. DuPont De Nemours & Company ("DuPont"), to comply with plaintiffs' deposition notices of March 26, 2007 and April 3, 2007; extend the deadline for plaintiffs to serve their expert report in rebuttal to defense expert Denese A. Deeds thirty days after the deposition; and for an award of reasonable expenses and attorney's fees resulting from this motion. Dkt. #44.

## BACKGROUND

Plaintiff Harry D. Weist has been employed at Goodyear Tire and Rubber Company ("Goodyear"), since December 21, 1977.  Dkt. #1, ¶ 7.  During the period of 1981 through 1990, he alleges workplace exposure to ortho-toluidine, a chemical which was manufactured and distributed to Goodyear by the defendants.  Dkt. #1, ¶ ¶ 7-8; Dkt. #22-2, ¶ 1.  Plaintiffs allege that this exposure caused Harry D. Weist to suffer personal injuries, including bladder cancer, and that his wife, Diane M. Weist, has suffered loss of consortium.  Dkt. #1, ¶¶  9 & 24.  Plaintiffs seek to hold defendants responsible on theories of strict liability and negligence.  Dkt. #1.

**Railroad Tank Car Deposition**

By Notice dated March 26, 2007, plaintiffs sought to depose a representative of DuPont, in accordance with Fed. R. Civ. P. 30(b)(6), to testify with respect to the following matters:

> (1)   The railroad tank cars used by defendant DuPont for transporting ortho-toluidine to the Goodyear plant in Niagara Falls, New York from 1957 through 1990, including, but not limited to, their design and construction, unloading mechanisms and procedures, size, color, all information and logos painted on their sides, model, manufacturer and ownership;
>
> (2)   All health hazard warnings allegedly placed on or with such railroad tank cars which were used by DuPont for transporting ortho-toluidine to the Goodyear plant in Niagara Falls, New York from 1957 through 1990; and
>
> (3)   All federal rules and standards concerning or applying to the transportation of ortho-toluidine by railroad tank car which defendant DuPont followed during the period of 1957 through 1990.

Dkt. #44-4.

Plaintiffs' expert, David Michaels, Ph.D., who has been deposed by DuPont in numerous other cases involving incidents of bladder cancer at the Goodyear plant, opines that DuPont had sufficient knowledge of the need for a warning as of 1957 but negligently failed to convey that warning to individuals, including Goodyear's employees, on the outside of the railroad tank cars which delivered the chemical to the Goodyear facility. Dkt. #44-2, ¶ 6. Plaintiffs also assert that testimony regarding federal rules and standards is necessary to rebut the testimony of DuPont's expert witness, Denese A. Deeds, that the placement of warnings on the side of railroad tank cars containing ortho-toluidine, as suggested by Dr. Michaels, "would violate DOT regulations."[1] Dkt. #44-2, ¶ 7.

Plaintiffs contend that "Ms. Deeds' testimony raised a number of questions about DuPont's shipment of ortho-toluidine by tank car, including the writings or markings that DuPont would contend it placed on the tank cars and what Federal regulations it would contend governed marking and warnings on tank cars." Dkt. #44-2, ¶ 8. Specifically, plaintiffs argue that

> It is the contention of your proposed expert, Denese Deeds, that because DuPont followed certain federal rules and standards it was prohibited from applying the type of warning on to the sides of its tank cars which has been proposed by our expert, Dr. Michaels. However, Ms. Deeds was unable to identify the specific federal rules and standards which she was allegedly relying upon. . . . We are not requesting legal research. Rather, we are attempting to determine the factual basis, if any, for your expert's contention.

---

[1] DuPont states that Ms. Deeds further stated that "the DOT specifically prohibits the use of confusing labeling on products in transport." Dkt. #46, n.3.

Dkt. #44-8.  Plaintiffs argue that "[i]f DuPont intends to present Ms. Deeds' opinion at trial, the Plaintiffs are entitled to know which Federal regulations DuPont contends that it followed and [which regulations DuPont contends] prohibited it from placing appropriate warnings on its tank cars."  Dkt. #44-2, ¶ 15.  Plaintiffs assert that they cannot prepare their expert report in rebuttal of defendants' expert without this deposition.  Dkt. #44-2, ¶ 12.

DuPont objects that this request "is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence."  Dkt. #46, ¶ 4.  Specifically, DuPont objects to this deposition notice as overbroad because Mr. Weist did not claim exposure to ortho-toluidine until November 30, 1981 and did not claim to have worked directly with the railroad tank cars until February 29, 1988.  Dkt. #44-6.  Moreover, DuPont notes that it warned Goodyear to handle ortho-toluidine as a suspected carcinogen in 1977 and recommended in 1980 that ortho-toluidine be used in a closed system and that human contact be avoided.  Dkt. #46, ¶¶ 10-12.

In response, plaintiffs assert that DuPont's "negligent conduct, which began in 1957, set in motion the circumstances which caused Harry Weist to receive injurious exposure to ortho-toluidine between 1981 and 1990."  Dkt. #59, p.2.  While conceding that DuPont issued its first warning to Goodyear in 1977, plaintiffs assert that this warning was misleading and incomplete.  Dkt. #59, p.3.  Moreover, plaintiffs contend that Goodyear responded to this warning by advising DuPont that it would not change its handling practices because the evidence cited by DuPont was so "faint."

Dkt. #59, p.3.  Plaintiffs argue that the subsequent warnings were also misleading and incomplete.  Dkt. #59, p.3.  Plaintiffs intend to demonstrate at trial that "the conditions at the Goodyear plant, which allowed for Harry Weist's injurious exposure to ortho-toluidine, were proximately caused by decades of negligent conduct by DuPont which began in 1957."  Dkt. #59, p.4.  Finally, plaintiffs argue that this discovery is necessary to defend against DuPont's assertion that it "conformed to the current state of the art or knowledge and to the trade customs and standards existing and prevailing at the time in the industry."  Dkt. #59, p.5.

In sur-reply, defendants assert that there has been deposition testimony in other cases indicating that DuPont had attached material safety data sheets to the railroad tank cars for "a long, long time" prior to 1986.  Dkt. #70, ¶ 12.

> Fed. R. Civ. P. 26(b)(1) provides, in relevant part:
>
> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . .  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

"The key phrase in this definition–'relevant to the subject matter involved in the pending action'– has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

"However, pursuant to Rule 26(c), the court may limit discovery even if the information sought is relevant." *Tisby v. Buffalo General Hosp.*, 157 F.R.D. 157, 170 (W.D.N.Y. 1994); *Coyne v. Houss*, 584 F. Supp. 1105, 1109 (E.D.N.Y. 1984). Fed. R. Civ. P. 26(c) provides, in relevant part, that the court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Moreover, "[t]he management of discovery lies within the sound discretion of the district court, and the court's rulings on discovery will not be overturned on appeal absent an abuse of discretion." *Grady v. Affiliated Cent., Inc.*, 130 F.3d 553, 561 (2d Cir. 1997), *cert. denied*, 525 U.S. 936 (1998); *see Robertson v. National Basketball Ass'n*, 622 F.2d 34, 35-36 (2d Cir. 1980) ("Protection against unnecessary discovery is discretionary with the trial court and will be reversed only on a clear showing of abuse of discretion.").

It is the opinion of this Court that plaintiffs' request for deposition testimony from a representative of DuPont with knowledge of the rules and regulations DuPont relied upon in making decisions regarding warnings on railroad tank cars and the decisions reached by DuPont with respect to such warnings, *to wit*, what, if any warnings were provided and if they were provided, when and how they were provided, is relevant to DuPont's potential defense of this action. Accordingly, plaintiffs' motion to compel (Dkt. #44), is granted with respect to the March 26, 2007 deposition notice. DuPont shall designate its witness(es) within 30 days of the entry of this Order and submit to deposition within 60 days of the entry of this Order.

**Development of ANSI Standard**

By Notice dated March 26, 2007, plaintiffs sought to depose five named DuPont employees regarding their participation in the Labels and Precautionary Information Committee of the Manufacturing Chemists Association and the Labeling Task Group of the Occupational Safety and Health Committee of the Chemical Manufacturers Association, including, but not limited to, the development of the American National Standards Institute ("ANSI") standard for precautionary labeling of hazardous industrial chemicals.  Dkt. #44-7.

> In support of this motion, plaintiffs assert that defendants'
>
> proposed expert, Denese Deeds, put the ANSI standard for precautionary labeling into contention by asserting that DuPont's inadequate labels were actually in compliance with the ANSI standard and thus met the state of the art at the time. . . . In short, DuPont justifies its failure to warn by relying upon an industry-written ANSI standard in which DuPont played a direct role.  These blatant conflicts of interest are directly pertinent and relevant to the weight that the jury should give to any defense which relies upon this ANSI standard.

Dkt. #44-8.

DuPont objects that the "request is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence."  Dkt. #46, ¶ 17.  Specifically, DuPont argues that the issue in this case is not how the standard was created, but rather what the legal effect of the standard is.  Dkt. #46, ¶ 23.

Plaintiffs respond that "the jury is entitled to know that these standards were not developed by an independent, objective process but rather by privately run organizations in which DuPont played a direct and prominent role." Dkt. #59-1, pp.7-8.

The Court finds no basis to deny plaintiffs' motion to compel the deposition testimony of five identified employees of DuPont with respect to their involvement in a committee which developed the industry standards which DuPont asserts as a defense to liability. Accordingly, plaintiffs' motion to compel (Dkt. #44), is granted with respect to the April 3, 2007 deposition notice. The depositions shall be completed within 60 days of the entry of this order.

## **CONCLUSION**

For the foregoing reasons, plaintiffs' motion to compel (Dkt. #44), is granted with respect to the March 26, 2007 deposition notice. DuPont shall designate its witness(es) within 30 days of the entry of this Order and submit to deposition within 60 days of the entry of this Order.

Plaintiffs' motion to compel (Dkt. #44), is also granted with respect to the April 3, 2007 deposition notice. The depositions shall be completed within 60 days of the entry of this order.

Plaintiffs shall serve their expert report in rebuttal to defense expert Denese A. Deeds no later than 30 days after the completion of the last deposition compelled by this Order.

-9-

Plaintiffs' request for reasonable expenses and attorney's fees resulting from this motion is denied.

**SO ORDERED.**

**DATED:     Buffalo, New York**
            **March  31, 2008**

                                                                    <u>**S/ H. Kenneth Schroeder, Jr.**</u>
                                                                    **H. KENNETH SCHROEDER, JR.**
                                                                    **United States Magistrate Judge**