UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

HARRY D. WEIST and
DIANE M. WEIST, his spouse,

                              Plaintiffs,                05-CV-0534A(Sr)

v.

E.I. DUPONT DE NEMOURS AND
COMPANY, et al.,

                              Defendants.

---

**DECISION AND ORDER**

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #4. Following Chief Judge Arcara's recusal, the matter was transferred to the Hon. William M. Skretny. Dkt. #64.

Currently before the Court is defendant E.I. DuPont De Nemours and Company's ("DuPont's"), motion to compel compliance with subpoenas served upon: (1) the United Steel Workers Union Local No. 277; (2) District 4 of the United Steel Workers Union; (3) the United Steel Workers International Union; (4) Lousi J. Kowalski, Jr.; and (5) William F. McAllister, Jr. (Dkt. #98); plaintiffs' motion for a protective order pursuant to Fed. R. Civ. P. 26(c) barring DuPont from enforcing the subpoenas (Dkt. #100); and a motion by Louis Kowalski, Jr. and William F. McAllister, Jr. to quash the

subpoenas. Dkt. #101. For the following reasons, DuPont's motion to compel compliance with the subpoenas served in this action is denied; plaintiffs' motion for a protective order is granted; and Mr. Kowalski and Mr. McAllister's motions to quash the subpoenas in this action are granted.

## BACKGROUND

Plaintiff Harry D. Weist has been employed at Goodyear Tire and Rubber Company ("Goodyear"), since December 21, 1977. Dkt. #1, ¶ 7. During the period of 1981 through 1990, he alleges workplace exposure to ortho-toluidine, a chemical which was manufactured and distributed to Goodyear by the defendants. Dkt. #1, ¶¶ 7-8; Dkt. #22-2, ¶ 1. Plaintiffs allege that this exposure caused Harry D. Weist to suffer personal injuries, including bladder cancer, and that his wife, Diane M. Weist, has suffered loss of consortium. Dkt. #1, ¶¶ 9 & 24.

On October 6, 2005, plaintiffs served a First Request for Production of Documents seeking, *inter alia*, documents relating to DuPont's product stewardship and product safety management of ortho-toluidine, including onsite evaluations or inspection of facilities, including Goodyear's Niagara Falls facility. Dkt. #98-2, ¶ 5. DuPont objected to these demands and plaintiffs moved to compel disclosure. Dkt. #12. In support of its motion to compel, plaintiffs argued that

> DuPont's product stewardship of ortho-toluidine, or lack of it, for each customer is directly relevant to Plaintiff's negligence claim. Apparently, as early as 1983, DuPont did conduct on-site audits of some customers' planned use and handling

>practices for ortho-toluidine.  Yet DuPont never evaluated, inspected nor audited Goodyear's use and handling of ortho-toluidine, which was one of its largest customers for ortho-toluidine.  Accordingly, to the extent that DuPont evaluated, inspected or audited other customers of ortho-toluidine in the United States and documented their deficiencies is [sic] directly relevant to DuPont's failure to take similar action with respect to Goodyear.

Dkt. #12-4, p.2.  The Court scheduled a conference to address the motion and directed defendants to move for summary judgment to resolve their objection that such discovery was not relevant because defendants owed plaintiffs no duty to evaluate its customers' safety procedures.  Dkt. #16.  In the interim, discovery on plaintiffs' negligent entrustment claim was effectively stayed.

By Decision and Order entered March 31, 2008, Judge Skretny rejected this Court's Report, Recommendation and Order recommending dismissal of plaintiffs' claim of negligent entrustment.  Dkt. #91.  Judge Skretny's decision was premised upon this Court's determination to stay discovery with respect to product stewardship.  *See* Dkt. #83-3.  Judge Skretny denied defendants' motion for summary judgment without prejudice to renewal following completion of sufficient discovery with respect to the claim of negligent entrustment.  Dkt. #91.

At a status conference on April 10, 2008, the Court set a scheduling order for the completion of discovery with respect to the negligent entrustment claim.  Dkt. #95.  Specifically, the Court directed the defendants to determine whether defendants participated in any "stewardship program," and if so, disclose information regarding

such program; produce documents concerning any investigation or evaluation defendants' may have undertaken regarding Goodyear's use of ortho-toluidine; and identify and produce representatives for deposition regarding defendants' stewardship program.  Dkt. #95.  The Court also held discovery in the related matters of *Band v. DuPont*, 07-CV-267 and *Pardee v. DuPont*, 07-CV-268 in abeyance pending resolution of the negligent entrustment claim.  Dkt. #95.  Discovery on all other issues had closed on January 18, 2008.  Dkt. #74.

Following the conference, DuPont served subpoenas upon Local Union No. 277, District 4 and the International Union of the United Steelworkers of America generally seeking appearance at deposition and production of documents referencing communications between Goodyear and the unions regarding the potential dangers and safe handling of ortho-toluidine.  Dkt. #99-2, pp.2-21.  These subpoenas seek the same documents sought in subpoenas previously served in the stayed *Pardee v. DuPont* lawsuit.  Dkt. #99-3, p.7.

DuPont also served subpoenas upon Louis J. Kowalski, Jr. and William F. McAllister, Jr. seeking appearance at deposition and production of any documents authored by defendants, Goodyear or any division of the United Steelworkers of America relating to ortho-toluidine, bladder cancer or work conditions, operations, or safety precautions at the Goodyear facility in Niagara Falls, New York.  Dkt. #99-2, pp.23-31.

The subpoenaed parties objected to the subpoenas on numerous grounds, including the following:

> At the status conference in the Weist case on April 10, 2008 . . . the Court narrowly reopened discovery to allow the Plaintiff to have discovery on the negligent entrustment issue only. Specifically, the only permissible discovery currently allowed in Weist is the degree of knowledge which DuPont and First Chemical had or should have had concerning Goodyear's propensity to use ortho-toluidine in an improper or dangerous fashion prior to January 1, 1991. See Judge Schroeder's Report Recommendation and Order dated February 8, 2008 at page 10.
>
> You know fully well that any information possessed by the USW Local, District or International, or by Messrs. Kowalski and McAllister, is not relevant or pertinent to what DuPont or First Chemical knew or should have known. Rather, you and your clients are simply frustrated by your inability to obtain discovery of the union and these individuals in Pardee, so you have conveniently retitled the subpoenas to the Weist case, in full disregard for the Court's orders.

Dkt. #99-2, p.36; *see* Dkt. #99-2, pp.39-40. The unions also served specific objections regarding, *inter alia*, the scope of the subpoenas. Dkt. #99-2, pp.42-62.

## DISCUSSION AND ANALYSIS

DuPont argues that its subpoenas

> seek documents and deposition testimony reflecting the knowledge of the Unions and the former Goodyear employees concerning the hazards of ortho-toluidine and their communications with Goodyear and other Goodyear employees . . . concerning those hazards. The knowledge of Goodyear and its employees concerning the hazards of ortho-toluidine is directly relevant to the company's conduct (including the safety precautions that it required of its employees) and how that conduct changed over time. Goodyear's conduct with respect to ortho-toluidine has a

> direct bearing on whether Goodyear complied with the warnings that were provided to it by its ortho-toluidine suppliers. Whether Goodyear complied with those warnings lies at the heart of plaintiffs' negligent entrustment claim.

Dkt. #98-3, pp.2-3.

> Plaintiffs respond that
>
> The defense to this cause of action is that neither defendant knew or should have known of Goodyear's ortho-toluidine handling practices. Discovery of retired Goodyear supervisors or of the . . . union which represented Goodyear workers will not shed any light on what DuPont and First Chemical knew internally. Certainly, DuPont and First Chemical will be the first to argue that, unless there is proof that they actually knew or should have known that their product was being mishandled inside the Goodyear plant, the negligent entrustment cause of action must be dismissed.

Dkt. #100-8, pp.4-5.

As the Court stated in its Report, Recommendation and Order pertaining to defendants' motion for summary judgment, the defining element of a negligent entrustment cause of action is the "degree of knowledge the supplier of a chattel has or should have concerning the entrustee's propensity to use the chattel in an improper or dangerous fashion." Dkt. #82, p.10, *quoting Hamilton v. Beretta U.S.A. Corp.*, 96 N.Y.2d 222, 237(2001). Thus, the issue yet to be resolved is whether there is any evidence to suggest that defendants knew or should have known that Goodyear was likely to mishandle ortho-toluidine. However, none of the subpoenas seek information regarding defendants' knowledge of Goodyear's handling of ortho-toluidine. Thus, the

subpoenas do not seek information relevant to plaintiff's claim of negligent entrustment, which is the only issue on which discovery remains open in this case.

## CONCLUSION

Based on the foregoing, DuPont's motion to compel (Dkt. #98) compliance with the subpoenas served in this action is denied; plaintiffs' motion for a protective order (Dkt. #100); is granted, and Mr. Kowalski's and Mr. McAllister's motion to quash the subpoenas (Dkt. #101), in this action is granted.

In light of this determination, and the stay of discovery in the related cases, the Court declines to address the substantive objections to DuPont's subpoenas at this time.

As discovery is now complete in this action, dispositive motions, if any, shall be filed by all parties no later than **May 8, 2009.**

**SO ORDERED.**

DATED:   Buffalo, New York
         March 23, 2009

                                  s/ H. Kenneth Schroeder, Jr.
                                  **H. KENNETH SCHROEDER, JR.**
                                  **United States Magistrate Judge**