**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**HARRY D. WEIST and**
**DIANE M. WEIST, his spouse,**

                    **Plaintiffs,**                05-CV-0534A(Sr)

**v.**

**E.I. DUPONT DE NEMOURS AND**
**COMPANY, et al.,**

                    **Defendants.**

---

## DECISION AND ORDER

        This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions.  Dkt. #4.  Following Chief Judge Arcara's recusal, the matter was transferred to the Hon. William M. Skretny.  Dkt. #64.

        Currently before the Court is defendant E.I. DuPont De Nemours and Company's ("DuPont's"), motion to strike the June 16, 2010, expert report of Frederick J. Stone, M.D. and to permit a supplemental deposition of Dr. Stone.  Dkt. #130.  For the following reasons, defendant's motion is granted in part.

## BACKGROUND

        Plaintiff Harry D. Weist has been employed at Goodyear Tire and Rubber Company ("Goodyear"), since December 21, 1977.  Dkt. #1, ¶ 7.  During the period of

1981 through 1990, he alleges workplace exposure to ortho-toluidine, a chemical which

was manufactured and distributed to Goodyear by the defendants.  Dkt. #1,

¶ ¶ 7-8; Dkt. #22-2, ¶ 1.  Plaintiffs allege that this exposure caused Harry D. Weist to

suffer personal injuries, including bladder cancer, and that his wife, Diane M. Weist,

suffers loss of consortium.  Dkt. #1, ¶¶  9 & 24.


Plaintiffs served an initial expert report from Frederick J. Stone, M.D., a

pathologist, dated March 14, 2006, which opined, as relevant to the instant motion, that

plaintiff's biopsy specimens revealed "a papillary transitional cell carcinoma, grade I of

III."  Dkt. #130-3.  Plaintiffs served a rebuttal report from Dr. Stone on March 5, 2007,

challenging defendant's expert report from John L. O'Donoghue.  Dkt. #130-4.  Dr.

Stone was deposed on September 19, 2007.  Dkt. #130-2, ¶ 3.


On March 16, 2009, plaintiffs served a supplemental report from Dr.

Stone, dated November 8, 2008, which states, in full:

> At your request, I have again reviewed the two slides and
> reports from Mount St. Mary's Hospital in Lewiston, New
> York of specimens in the above captioned case.
>
> In the current WHO/ISUP classification, this tumor would be
> classified as a non-invasive, low grade, papillary urothelial
> carcinoma.
>
> I will convey to you via e-mail to JPEG files labeled Weist1
> and Weist2 representing photomicrographs from these
> slides.

Dkt. #130-6.  During the course of a status conference with the Court on April 24, 2009,

the Court determined that defendants would be permitted to depose Dr. Stone

concerning the supplemental report no later than August 21, 2009 and to name a

defense pathologist no later than August 21, 2009, who could be deposed no later than

September 30, 2009.  Dkt. #130-2, ¶ 5.  In response, plaintiffs' counsel withdrew Dr.

Stone's supplemental report.  Dkt. #130-2, ¶ 5.  At the Court's direction, plaintiffs'

counsel confirmed, by letter dated April 25, 2009, that they had

> withdrawn the November 8, 2008 supplemental report of
> Plaintiffs' expert pathologist Frederick J. Stone, M.D. and
> that report shall remain withdrawn for the remainder of this
> case.
>
> With this withdrawal, it is my understanding that no further
> deposition of Dr. Stone will be permitted, and that the
> defendants will not be permitted to name a rebuttal
> pathologist and they will not be permitted to serve a report
> from a rebuttal pathologist.

Dkt. #130-9.  In response, DuPont's counsel wrote plaintiffs' counsel to confirm that

plaintiffs agreed "that Dr. Stone will not testify about any of his activities described in his

November 8, 2008 report; that Dr. Stone will not testify concerning the classification of

any tumor under the current WHO/ISUP classification scheme; and that Dr. Stone will

not testify concerning the photomicrographs referred to in his [report dated] November

8, 2008."  Dkt. #130-9.


The Court issued an Amended Case Management Order dated April 12,

2010 permitting plaintiff to "supplement the expert report of Dr. Markowitz no later than

May 7, 2010" and permitting defendants to "supplement their experts' reports no later

than June 4, 2010," with depositions of experts with respect to any such supplemental

reports completed by July 9, 2010.  Dkt. #125.

Plaintiffs served a supplemental report from plaintiff's causation expert,

Dr. Markowitz.  Dkt. #130-2, ¶¶ 6-7.  In that supplemental report, dated May 4, 2010,

Dr. Markowitz references Dr. Stone's supplemental report of November 8, 2008, as

follows: "Frederick Stone, MD reviewed the pathology slides available from Mr. Weist's

biopsy in 2004 and wrote on November 8, 2008 that Mr. Weist had developed a low

grade papillary urothelial carcinoma, according to the current WHO/ISUP classification

system."  Dkt. #132-2, p.2.  Dr. Markowitz explained that:

> In 1998, the World Health Organization (WHO) and the
> International Society for Urologic Pathology (ISUP)
> developed a new classification system for bladder cancer
> (Cina 2004).  The new system distinguished between two
> low grade superficial bladder neoplasms: a papillary
> neoplasm of low malignant potential (LMP), which was
> considered to be more benign, versus a low grade papillary
> urothelial carcinoma (LG) (Cina 2004).  Dr. Stone classified
> Mr. Weist's bladder tumor in the LG group.

Dkt. #132-2, p.2.  In reliance upon that classification, Dr. Markowitz opined as to

plaintiff's prognosis, including the likelihood of recurrence and progression of the

severity of recurring tumors.  Dkt. #132-2.

In response, on June 1, 2010, defendants disclosed their own pathologist,

Samson W. Fine, M.D., who opined that plaintiff's biopsy slide revealed urothelial

papilloma, the least malignant condition under the WHO/ISUP classification system.

Dkt. #132, ¶ 12 & Dkt. #132-3.  Defendants also served a supplemental report of their

causation expert, Dr. John L. O'Donaghue, opining that

> The pathology reports for Mr. Weist's tumor are not definitive

-4-

> evidence that he has bladder cancer to a reasonable degree
> of medical or scientific certainty.  The morphology of his
> tumor and its clinical course is consistent with that of a
> benign growth, not bladder cancer.

Dkt. #132-4, p.2.  DuPont also served a notice of deposition of Dr. Stone.  Dkt. #130-2,

¶ 8.


By e-mail dated June 4, 2010, plaintiffs' counsel refused to schedule a

deposition of Dr. Stone absent a court order.  Dkt. #130-2, ¶ 9.  Thereafter, plaintiffs'

counsel agreed to produce Dr. Stone for deposition, but only after serving a rebuttal

report.  Dkt. #130-2, ¶ 9.  In the rebuttal report, dated June 16, 2010, Dr. Stone

challenges defendants' experts' conclusions that plaintiff's tumor was a "papillary

urothelial neoplasm of low malignant potential."  Dkt. #130-17.  DuPont objected that

any further report from Dr. Stone would be untimely.  Dkt. #130-2, ¶ 9.


## DISCUSSION AND ANALYSIS

DuPont argues that the rebuttal report of Dr. Stone should be stricken

because the deadline for disclosure of expert witness reports had passed and no new

facts warrant further amendment of any expert's report.  Dkt. #130-18, p.4.  DuPont

also argues that it should be permitted to depose Dr. Stone with respect to the opinions

expressed in his supplemental report.  Dkt. #130-18, p.5.


Plaintiffs argue that Dr. Stone's rebuttal report is necessary to counter

DuPont's expert opinion from Dr. O'Donoghue that plaintiff does not have bladder

cancer.  Dkt. #132, ¶ 14.  Plaintiff also complains that Dr. Fine's report violates the

Case Management Order as it was from an entirely new expert, whereas the Amended

Case Management Order (Dkt. #125), only permitted defendants to "supplement their

experts' reports."  Dkt. #132, ¶ 13.  Plaintiffs argue that Dr. Stone's June 16, 2010

rebuttal report is necessary to rebut Dr. Fine and Dr. O'Donoghue's reports.  Dkt. #132,

¶ 15.

> Rule 26(a)(2) of the Federal Rules of Civil Procedure provides as follows:
>
> (A) In addition to the disclosure required by paragraph (1), a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.
>
> (B) Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert witness testimony, be accompanied by a written report prepared and signed by the witness. . . .
>
> (C) These disclosures shall be made at the times and in the sequence directed by the court.

In the instant case, the Court's Amended Case Management Order, dated

April 12, 2010, did not permit DuPont to disclose a new expert, but only to supplement

existing reports.  Dkt. #125.  Accordingly, the disclosure of Dr. Fine and his expert

report, dated June 1, 2010, is untimely.

Although Dr. Markowitz' supplemental report was permitted under the Amended Case Management Order, that report must be stricken as it is wholly dependent upon the supplemental report of Dr. Stone which was withdrawn by plaintiffs' counsel.  Plaintiffs' counsel cannot circumvent his strategic decisions by allowing another expert to incorporate an opinion he has withdrawn.  Plaintiffs' counsel was given the opportunity to reconsider his decision, announced during a status conference with the Court, to withdraw Dr. Stone's supplemental report, but later confirmed, in writing, that the November 8, 2008 supplemental report of Dr. Stone "shall remain withdrawn for the remainder of this case."  Dkt. #130-9.  In making this decision, plaintiffs' counsel understood and confirmed in writing that "no further deposition of Dr. Stone will be permitted, and that the defendants will not be permitted to name a rebuttal pathologist and they will not be permitted to serve a report from a rebuttal pathologist."  Dkt. #130-9.  This understanding provides an additional basis to foreclose Dr. Fine as an expert witness and strike his expert report.

Setting aside concerns as to the ability of a causation expert to opine on the pathology of plaintiffs' tumor, and whether such opinion falls within the parameters supplementing his prior report, Dr. O'Donaghue's supplemental report will stand as it was permitted under the Amended Case Management Order and appears to rely upon information obtained from plaintiffs' treating physician and Dr. Stone's initial report, rather than the withdrawn report, to reach an opinion as to the nature of plaintiff's tumor.  Dkt. #132-4.

## CONCLUSION

For the foregoing reasons, it is hereby ordered that defendant's motion to strike Dr. Stone's expert report dated June 16, 2010 is granted and that defendant's motion to permit a supplemental deposition of Dr. Stone is denied as the report prompting the deposition request has been withdrawn.  As defendants agreed not to disclose their own pathologist if plaintiffs withdrew Dr. Stone's supplemental report, Dr. Fine's report, which was untimely in any event, is stricken.  In light of the withdrawal of Dr. Stone's November 8, 2008 report, there is nothing to support Dr. Markowitz' supplemental report of May 4, 2010, which is also stricken.

**SO ORDERED.**

**DATED:      Buffalo, New York**
**March 31, 2011**

    **s/ H. Kenneth Schroeder, Jr.**
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**