**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**HARRY D. WEIST and**
**DIANE M. WEIST, his spouse,**

                        **Plaintiffs,**                  05-CV-0534A(Sr)

v.

**E.I. DUPONT DE NEMOURS AND**
**COMPANY, et al.,**

                        **Defendants.**

---

**DECISION AND ORDER**

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #4. Following Chief Judge Arcara's recusal, the matter was transferred to the Hon. William M. Skretny. Dkt. #64.

Currently before the Court is plaintiffs' motion for sanctions. Dkt. #156. For the following reasons, plaintiffs' motion is denied.

**BACKGROUND**

Plaintiff Harry D. Weist has been employed at Goodyear Tire and Rubber Company ("Goodyear"), since December 21, 1977. Dkt. #1, ¶ 7. During the period of 1981 through 1990, he alleges workplace exposure to ortho-toluidine, a chemical which was manufactured and distributed to Goodyear by the defendants. Dkt. #1, ¶¶ 7-8; Dkt.

#22-2, ¶ 1.  Plaintiffs allege that this exposure caused Harry D. Weist to suffer personal injuries, including bladder cancer, and that his wife, Diane M. Weist, suffers loss of consortium.  Dkt. #1, ¶¶ 9 & 24.  Plaintiffs seek to hold defendants responsible on theories of strict liability and negligence, including a claim of negligent entrustment. Dkt. #1.  Specifically, plaintiffs allege that defendants

> failed in their duty to evaluate Goodyear's handling of [ortho-toluidine], counsel Goodyear on the safe use of this product, and discontinue sale of the product to Goodyear in order to prevent further unsafe exposure to the product and force the implementation of corrective action.

Dkt. #1, ¶ 20(g).

Defendants moved to dismiss the negligent entrustment claim, arguing there was no legal basis to impose a duty upon a chemical manufacturer to evaluate their customers' handling of that chemical, to counsel their customers on the safe use of the chemical or to discontinue sales of a chemical to prevent unsafe exposure or to force corrective action.  Dkt. ##18 & 19.  By Decision and Order entered March 31, 2008, Judge Skretny denied defendants' motion without prejudice to renewal following completion of sufficient discovery as to whether defendants had any reason to question Goodyear's competence to handle ortho-toluidine.  Dkt. #91.

On April 10, 2008, the Court conducted a status conference to discuss plaintiff's requests for discovery with respect to the negligent entrustment claim and subsequently entered a detailed Decision and Order outlining the discovery to be completed with respect to this issue.  Dkt. #95.  Specifically, the Decision and Order

directed counsel for defendants to: (1) survey their respective clients, including in-house and outside counsel, to determine whether defendants participated in any "stewardship program;" (2) disclose when any such program was first established and produce copies of any such programs as created and as amended from the time of their creation until December 31, 1990; (3) disclose what, if any, investigation or evaluation was conducted regarding Goodyear's use of the product in question, *to wit*, ortho-toluidine, and produce any records and/or files relating to such investigation or evaluation; (4) produce appropriate privilege logs and have any such documents available for *in camera* inspection if any such records and/or files are alleged to contain privileged materials; and (5) designate an appropriate Rule 30(b)(6) representative for deposition regarding any such stewardship program and any records and/or files produced by the defendants.  Dkt. #95.

As a result of numerous discovery disputes (Dkt. ##98, 100, 101 & 102 & 105), the deadline for deposition of DuPont's 30(b)(6) witness regarding DuPont's investigation, evaluation and/or knowledge of Goodyear's handling of ortho-toluidine prior to 1991 was extended to June 30, 2009.   Dkt. #105.  DuPont designated William C. Haaf as its Rule 30(b)(6) witness for this purpose.  However, his deposition was delayed while the Court considered plaintiffs' motion to compel disclosure of documents relating to DuPont's investigation, evaluation and/or knowledge of Goodyear's handling practices with respect to ortho-toluidine which were withheld as privileged. Dkt. #122.

On March 10, 2010, without having deposed DuPont's Rule 30(b)(6) witness, William C. Haaf, plaintiffs served DuPont with a notice for the deposition of

DuPont's retired corporate counsel, John R. Bowman.  Dkt. #123-2.  Plaintiffs argued that Mr. Bowman "is the only remaining repository of information on the issue of what DuPont knew of Goodyear's ortho-toluidine handling practices" and  that they needed to take Mr. Bowman's deposition to "determine the facts which he obtained from the litigated claims" in order to defend against a renewed motion for partial summary judgment.  Dkt. #123-2, ¶ 20.  More specifically, plaintiffs claimed that

> It is undisputed that, between 1985 and 1990, all information gathered by DuPont's outside counsel flowed through Mr. Bowman's office.  What Mr. Bowman learned about Goodyear's handling practices for ortho-toluidine is relevant to this Court's ultimate ruling on the negligent entrustment cause of action.  These facts are not privileged.

Dkt. #123-3, p.3.

Despite DuPont's argument that any possible testimony would be protected by both the attorney-client and the attorney-work product privileges, the Court granted the motion to compel in part, stating

> It bears repeating that the question plaintiffs seek to answer with respect to the negligent entrustment claim is "whether there is any evidence to suggest that defendants knew or should have known that Goodyear was likely to mishandle ortho-toluidine." Dkt. #103, p.6.  As in-house counsel during at least portions of plaintiff's exposure and the prior lawsuits, Mr. Bowman is in a position to clarify the extent of DuPont's knowledge of conditions inside the Goodyear plant during the period of plaintiff's exposure and DuPont's investigation and/or inspection of Goodyear's handling practices and plant conditions.  Having retired prior to the commencement of this action, there is less concern that Mr. Bowman's deposition will unduly burden DuPont's defense of this action.  Finally, although the Court is sensitive to the fact that Mr. Bowman, as prior counsel to DuPont, possesses information protected by the attorney client and attorney work product privileges, the Court is confident that plaintiffs' counsel can tailor

      his questions to avoid privileged information and that Mr. Bowman
      can distinguish non-privileged facts from privileged communications
      and work product.

Dkt. #139, p.8.

      Mr. Bowman's deposition was conducted on July 26, 2011. Dkt. #156, ¶ 3. During the course of the deposition, counsel for DuPont directed Mr. Bowman not to answer 47 questions, which can generally be categorized as follows: (a) DuPont's production of chemicals other than ortho-toluidine; (b) DuPont's knowledge of bladder cancer diagnoses and lawsuits by employees of customers of aromatic amines other than ortho-toluidine; (c) DuPont's knowlege and investigation of the potential health hazards of exposure to ortho-toluidine; (d) DuPont's procedure for assessing the safety of its chemical products and evaluating complaints of injuries; and (e) Mr. Bowman's understanding of DuPont's recommendations regarding proper handling of ortho-toluidine and his opinion as to whether certain scenarios complied with those recommendations. Dkt. #156-1, ¶ 5.

### DISCUSSION AND ANALYSIS

      Plaintiffs seek sanctions for defense counsel's direction that Mr. Bowman decline to answer questions on the ground that they were beyond the scope of questioning permitted by the Court, arguing that the Court never issued an order restricting or otherwise limiting the scope of Mr. Bowman's deposition but only directed that questions be tailored to avoid privileged information. Dkt. #156-2, p.1.

DuPont argues that the scope of Mr. Bowman's deposition was limited to questions inquiring into the extent of DuPont's investigation, evaluation and/or knowledge of how Goodyear handled ortho-toluidine during the time frame plaintiff alleges he was exposed. Dkt. #158, p.5. DuPont declares that Mr. Bowman answered all questions within these parameters. Dkt. #185, p.11.

> Rule 30(c)(2) of the Federal Rules of Civil Procedure provides as follows:
>
> An objection at the time of the examination – whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition – must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. An objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3) [Motion to Terminate or Limit deposition].

At the time Mr. Bowman's deposition was ordered, the only remaining discovery issue was whether defendants had any reason to question Goodyear's competence to handle ortho-toluidine. Dkt. #91. Thus, the Court's Decision and Order limited discovery to defendants' participation in a "stewardship program" and their investigation or evaluation of Goodyear's use of ortho-toluidine. Dkt. #95. The Court's Decision and Order permitting the deposition of Mr. Bowman relied upon plaintiff's representation that Mr. Bowman was "the only remaining repository of information on the issue of what DuPont knew of Goodyear's ortho-toluidine handling practices" (Dkt. #123-2, ¶ 20), and emphasized that the question to be answered was "whether there is

any evidence to suggest that defendants knew or should have known that Goodyear was likely to mishandle ortho-toluidine." Dkt. #139, p.8.  The Court's Decision and Order is clear that Mr. Bowman's deposition was permitted because he was "in a position to clarify the extent of DuPont's knowledge of conditions inside the Goodyear plant during the period of plaintiff's exposure and DuPont's investigation and/or inspection of Goodyear's handling practices and plant conditions." Dkt. #139, p.8.  Thus, the scope of Mr. Bowman's deposition was limited to his recollection of DuPont's knowledge of the conditions inside the Goodyear plant during the period of plaintiff's exposure and DuPont's investigation and/or inspection of Goodyear's handling practices and plant conditions.  The Court has reviewed the deposition transcript and is satisfied that the questions Mr. Bowman was directed not to answer are beyond the parameters of the Court's order granting plaintiff's motion to compel Mr. Bowman's deposition.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for sanctions (Dkt. #156), is denied.

**SO ORDERED.**

Dated:     Buffalo, New York
           March 19, 2012

                                         **S/ H. Kenneth Schroeder, Jr.**
                                         **H. KENNETH SCHROEDER, JR.**
                                         **United States Magistrate Judge**